**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CAE AGUILERA,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | **No. 3:17-cv-1612** |
| | **)** | **Judge Aleta A. Trauger** |
| **CORE CIVIC *et al.*,** | **)** | |
| | **)** | |
| **Defendants.** | **)** | |

# MEMORANDUM

The plaintiff Cae Aguilera, proceeding *pro se*, has filed a civil rights complaint against defendants Core Civic, TDOC, [F/N/U] Leibach, [F/N/U] Warlow, [F/N/U] Washburn, [F/N/U] Lopez, [F/N/U] Howell, [F/N/U] Batten, [F/N/U] Rickoway and the Trousdale Turner Correctional Center ("TTCC"). (ECF No. 1.) Before the court is the plaintiff's application to proceed *in forma pauperis* (ECF No. 2). In addition, his complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## I. Application to Proceed as a Pauper

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because the plaintiff submitted[1] an application to proceed *in forma pauperis*, and because it appears from his submissions that the plaintiff lacks sufficient financial

[1] The plaintiff's application to proceed *in forma pauperis* does not include a certified copy of the plaintiff's inmate trust fund account. (ECF No. 2.) The plaintiff notes that the authorized officer refused to prepare and sign his prisoner trust account statement and the unit manager refused to notarize it. (*Id.*) As such, the court overlooks this deficiency and grants the plaintiff's application.

resources from which to pay the full filing fee in advance, the application (ECF No. 2) will be granted.

However, under § 1915(b), the plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, the plaintiff will be assessed the full $350 filing fee, to be paid as directed in the accompanying order.

## II. Dismissal of the Complaint

Pursuant to 28 U.S.C. § 1915(e)(2), the court is required to conduct an initial review of any complaint filed *in forma pauperis* and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *Begola v. Brown*, 172 F.3d 47 (Table), 1998 WL 894722, at *1 (6th Cir. Dec. 14, 1998) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)). The court must construe a *pro se* plaintiff's complaint liberally, *Boag v. McDaniel*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### A. Factual Allegations

In his complaint, the plaintiff alleges that, on March 24, 2017, April 11, 2017, May 1, 2017 and June 29, 2017, he was denied a meal tray. (ECF No. 1 at Page ID# 4.) Specifically, the plaintiff alleges that, on March 24, 2017 Officer Rickoway refused to give him a dinner tray, taunted him with racially insensitive remarks, laughed at him and threatened to punish him with a disciplinary infraction for defiance and a job drop if he did not "shut up." (*Id.* at Page ID# 11.)

On April 11, 2017, while the plaintiff was taken for the "regular prison call-out," his breakfast tray was left out in the unit for more than 2 hours. (*Id.* at Page ID# 18.) The now-cold breakfast trays were returned to the kitchen, but instead of being given a new hot breakfast, the plaintiff had to wait until lunch to eat, and at that time he was given a cold sack lunch. (*Id.*) On May 1, 2017, he was denied his dinner tray. (*Id.* at Page ID # 8.) On June 29, 2017, Officer Lopez and Captain Howell refused to allow him to get his lunch tray, were disrespectful toward him and threatened to punish him if he did not leave the tray window without a tray. (*Id.* at Page ID# 15-16.) The plaintiff alleges that he was deprived of these meals as punishment for standing up for his rights..

The plaintiff alleges that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment and asserts a number of state law claims. As relief, the plaintiff seeks monetary damages against each defendant.

**B. Standard of Review**

If an action is filed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that "the dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under [§ 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)"). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the]

complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks and citation omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The court is not required to create a claim for the plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir. 1975); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her").

### C. Discussion

#### 1. Constitutional Violations against Defendants TTCC and TDOC

The plaintiff identifies TTCC and TDOC as defendants. An express requirement of 42

U.S.C. § 1983 is that the defendant be a "person." *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). TTCC is an administrative unit of the Tennessee Department of Corrections (TDOC), which is a state agency. Neither a prison nor a state corrections department is a "person" within the meaning of section 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58 (1989).

Furthermore, the plaintiff's claim against TTCC and TDOC is barred by the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). That amendment prohibits suits in federal court against the state or any of its agencies or departments. *Pennhurst State School & Hosp. v. Haldermann*, 465 U.S. 89, 100 (1984). A state's Eleventh Amendment immunity is in the nature of a jurisdictional defense and may be raised on the court's own motion. *Estate of Ritter v. University of Michigan*, 851 F.2d 846, 851 (6th Cir. 1988). The Supreme Court has squarely held that the Eleventh Amendment bars federal suits against state departments of corrections. *Alabama v. Pugh,* 438 U.S. 781, 782 (1978) (per curiam). TTCC and TDOC are therefore not subject to a section 1983 action.

2. Constitutional Violations against Defendants Core Civic, Leibach, Warlow, Washburn and Batten

The plaintiff names as defendants Core Civic, Leibach, Warlow, Washburn and Batten; however, he fails to allege that these defendants engaged in any conduct that violated his constitutional rights. Indeed, he entirely fails to identify them in the text of his complaint.

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly,* 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The plaintiff has failed to attribute any conduct at all to defendants Core Civic, Leibach, Warlow, Washburn or Batten. Where a defendant is named but the plaintiff fails to allege that the defendant engaged

in any specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights).

Based on the foregoing, the plaintiff fails to state any claims upon which relief may be granted against defendants Core Civic, Leibach, Warlow, Washburn or Batten.

3. Eighth Amendment Violation against Defendants Lopez, Howell and Rickoway for Failure to Provide Meals

The plaintiff alleges that defendants Lopez, Howell and Rickoway violated his Eighth Amendment right to be free from cruel and unusual punishment.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

For Eighth Amendment purposes, adequate food is characterized as "'well-balanced meal[s], containing sufficient nutritional value to preserve health.'" *Green v. Ferrell*, 801 F.2d

765, 770 (5th Cir. 1986) (quoting *Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir. 1977)) (footnote omitted). Isolated deprivations of meals to prisoners do not rise to the level of an Eighth Amendment violation where the daily meal or meals provided are sufficient to maintain normal health. *See Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir.1982) (finding that providing one meal per day for fifteen consecutive days did not violate the Eighth Amendment, where the one meal provided sufficient nutrition to sustain normal health for that time period); *Islam v. Jackson*, 782 F. Supp. 1111, 1114-15 (E.D. Va. 1992) (finding that serving an inmate a maggot-contaminated meal on one occasion and serving food under potentially unsanitary conditions for thirteen days did not constitute cruel and unusual punishment). *See also White v. Gregory*, 1 F.3d 267, 269 (4th Cir. 1993) (finding that providing prisoners two meals a day on weekends and holidays, even though three meals were served during the week, did not rise to the level of an Eighth Amendment violation); *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (finding that "[e]ven on a regular, permanent basis, two meals a day may be adequate [under the Eighth Amendment]."); *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998) ( noting that a prisoner's "missing a mere one out of every nine meals [50 meals over five months] is hardly more than that missed by many working citizens over the same period. We are therefore doubtful that [the plaintiff] was denied anything close to a minimal measure of life's necessities.").

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

The plaintiff fails to demonstrate that he faced a sufficiently serious risk to his health or safety. The plaintiff missed one meal on four occasions over a period of four months. The complaint does not allege that the plaintiff lost weight, that his health suffered as a result of insufficient nutrients, or that he otherwise suffered any harm as a result of the missed meals. While the court does not condone withholding food as a means of punishment, the court finds that the complaint fails to allege facts sufficient to support an Eighth Amendment violation. Consequently, the plaintiff's claims against defendants Lopez, Howell and Rickoway for failing to provide him meals will be dismissed.

4. Eighth Amendment Violation Against Defendants Lopez, Howell and Rickoway for Rudeness and Racially Insensitive Remarks

The plaintiff alleges that defendants Lopez, Howell and Rickoway violated his Eighth Amendment rights by making racially insensitive remarks.

The use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *See Ivey*, 832 F.2d at 954-55; *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (finding that harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Violett v. Reynolds*, No. 02-6366, 2003 WL 22097827, at *3 (6th Cir. Sept. 5, 2003) (finding that verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim); *Thaddeus-X v. Langley*, No. 96-1282, 1997 WL 205604, at *1 (6th Cir. Apr. 24, 1997) (finding that verbal harassment is insufficient to state a claim); *Murray v. U.S. Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) (noting that, "[a]lthough we do not condone the alleged statements, the Eighth Amendment does not afford us the power to correct every action, statement or attitude of a prison official with which we might disagree.") Accordingly, the plaintiff fails to state an Eighth Amendment claim against defendants Lopez,

Howell and Rickoway arising from their racially insensitive remarks.

5. State Law Claims

Claims under § 1983 can only be brought for "deprivation of rights secured by the constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). The plaintiff's assertion that defendants violated state law therefore fails to state a claim under § 1983.

To the extent that the plaintiff seeks to invoke this court's supplemental jurisdiction over a state-law claim, the court declines to exercise jurisdiction. In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction, and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *Id.* Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Accordingly, the plaintiff's state-law claims will be dismissed without prejudice.

## III. CONCLUSION

Because the complaint does not contain sufficient facts to allege any claims upon which relief may be granted against any defendant, this action will be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii). To the extent the plaintiff raises state law claims, those claims will be dismissed without prejudice. For the same reasons that the court dismisses this action, the court

finds that an appeal of this action would not be taken in good faith. The court therefore certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by the plaintiff would not be taken in good faith, and the plaintiff will not be granted leave by this court to proceed on appeal *in forma pauperis*. An appropriate order is filed herewith.

ENTER this 2nd day of March 2018.

ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE